UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| William Henry McCance,<br>Susan Marie LeMoine,<br>Trust Advisory Group, Ltd., and<br>AGES Financial Services, Ltd<br><br>PETITIONERS<br>v.<br><br>Richard Henri Kreger,<br>Bruce Charles Ryan, and<br>RHK Capital, LLC<br><br>RESPONDENTS. | Civ. A. No. _____ |

## PETITION TO VACATE ARBITRATION AWARD

Pursuant to Section 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, et seq., Petitioners, William Henry McCance, Susan Marie LeMoine, Trust Advisory Group, Ltd., and AGES Financial Services, Ltd., move to vacate the underlying arbitration award, and in support state as follows.

## THE PARTIES

1. Petitioner William Henry McCance is a Massachusetts citizen and resides in Reading, Massachusetts.

2. Susan Marie LeMoine is a Massachusetts citizen and resides in Massachusetts.

3. Petitioner Trust Advisory Group, Ltd. ("TAG") is a registered investment advisory firm with the Securities and Exchange Commission under the Investment Advisors Act of 1940. TAG's principal office is located in Woburn, Massachusetts.

1

4. Petitioner AGES Financial Services. Ltd. ("AGES") is an independent broker-dealer with headquarters in Woburn, Massachusetts. It has been a FINRA member since 1984.

5. Respondent Richard Henri Kreger is currently a registered financial advisor with Noble Capital Markets, Inc. He is a resident of Westport, Connecticut.

6. Respondent Bruce Charles Ryan is currently a registered financial advisor with Novel Capital Markets, Inc. He is a resident of Westport, Connecticut.

7. Respondent RHK Capital, LLC is the DBA ("doing business as") name of Mr. Ryan and Mr. Kreger's financial services. It is not a FINRA member.

### JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of the parties and the amount in controversy exceeds $75,000.

9. Venue is proper pursuant to 28 U.S.C. §1391 and 9 U.S.C. §9, as the Petitioners reside in this district and the majority of the arbitration hearing partially took place in Boston, Massachusetts.

### BACKGROUND AND FACTS

10. In connection with the Arbitration, all Arbitration Claimants, AGES Financial Service, Ltd., McCance, and LeMoine (in their capacity as registered representatives of AGES) executed FINRA's submission agreements, consenting to have the controversy submitted to a FINRA panel of arbitrators. Trust Advisory Group, Ltd., however, did not submit a submission agreement and did not consent to the FINRA arbitration process.

11. On June 17, 2021, AGES, McCance, and LeMoine filed their Statement of Answer. TAG did not file an Answer, as TAG "is a Registered investment Advisor with the SEC and is

not a FINRA member. They decline to participate in the FINRA Dispute Resolution arbitration process." See Affidavit of Kirsten Patzer, Ex. C.

12. On June 21, 2021 FINRA informed the parties that they had not received a voluntary submission agreement from TAG, further stating: "The arbitration panel will only have the power to render an enforceable award against Respondent Trust Advisory Group LTD if Respondent Trust Advisory Group LTD agrees to submit voluntarily to FINRA's jurisdiction." *See Aff. Patzer, Ex. E.*

13. TAG never voluntarily submitted to FINRA's jurisdiction.

14. On June 22, 2021 Arbitration Claimants attempted to force TAG into the forum by improperly and incorrectly asserting there was an agreement to arbitrate in the FINRA forum. *See Aff. Patzer, Ex. F*.

15. On June 24, 2021 Petitioners asserted their objections to Arbitration Claimants' assertions, noting that neither Claimants nor FINRA have the authority to force TAG to submit to FINRA arbitration. See Aff. Patzer, Ex. G.

16. On June 28, 2021 FINRA advised the parties that "the correspondence has been reviewed and it has been determined that the parties may raise the issue with the arbitrators."

17. On September 30, 2021 Petitioners filed a "Partial Motion to Dismiss" requesting TAG be dismissed as they are "not a member or associated person" of FINRA and were not associated with the conduct at issue. See Aff. Patzer, Ex. H.

18. On January 21, 2022 the Arbitration Panel heard oral arguments on the Partial to Dismiss where Petitioners again explained that TAG was not subject to FINRA Arbitration as they are not a FINRA member.

19. On February 5, 2022 the Panel issued their non-unanimous Order stating "the Motion to Dismiss is denied without prejudice to renewal at the hearing."

20. On or about April 6, 2022, the Arbitration Claimants commenced in the Arbitration against Petitioners, captioned *Richard Henri Kreger, Bruce Charles Ryan, and RHK Capital, LLC v. William Henry McCance, Susan Marie LeMoine, Trust Advisory Group, Ltd., and AGES Financial Services, LLC*, FINRA Dispute Resolution Case No. 21-00816. The first three days of the Arbitration hearing took place at FINRA's officers in New York City. The remaining eleven (11) days were held via Zoom teleconference in Boston, Massachusetts, Westport, Connecticut, and other locations.

21. In their opening statement, counsel for Petitioners again raised the issue: "I will also note, Trust Advisory Group is also an improper party to [this] claim. They are not a broker dealer; they are…a registered investment adviser firm. They are governed by the SEC, not FINRA." *See Aff. Patzer, Ex. N(1), p. 50:22-25, 51:1-4*.

22. Throughout the hearing Petitioners repeatedly raised the objection that TAG was an improper party to the proceedings as they are not FINRA members and did not submit to the FINRA Arbitration Proceedings.

23. During the direct examination of McCance on April 6, 2022 counsel for Petitioners raised a general objection: "I want to make a general objection that Mr. Slavin is asking about non-FINRA member Trust Advisory Group, who we did not agree to submit to arbitration, and is an improper party." *See Aff. Patzer, Ex. N(1), p. 136:20-25*.

24. After the completion of testimony and closing arguments, the Panel instructed the parties to submit their respective requests for damages, fees, and costs to the FINRA Dispute Resolution Portal.

25. On or around January 3, 2023 Claimants filed their "Summary of Damages" via the FINRA Portal to "ensure that the Panel has a complete record of all damages sought by Claimants." *See Aff. Patzer, Ex. I.*

26. The first amount requested was in the amount of $102,000 for "Amounts wrongfully withheld in connection with SEC investigation prompted by Respondents' language on the ADV Form filed by Trust Advisory Group, Ltd." *See Aff. Patzer, Ex. I.*

27. After considering the pleadings, testimony, and the documentary evidence presented at the hearing, on or about January 30, 2023, the Arbitration Panel rendered the Award in full and final resolution of the claims submitted for determination, In the Award, the Arbitration Panel awarded Arbitration Claimants $102,000 in compensatory damages. *See Aff. Patzer, Ex. A*.

28. Pursuant to 9 U.S.C. § 12, Petitioners have brought this action within three months after the Award was served on January 30, 2023.

29. The Award should be vacated under 9 U.S.C. § 10 as the Arbitration Panel clearly exceeded their authority by awarding damages clearly attributable to an entity outside of their jurisdiction.

### COUNT ONE – VACATUR OF ARBITRATION AWARD UNDER THE FAA

30. Petitioners repeat and reallege paragraphs 1 through 29 as if fully set forth within.

31. In the underlying Arbitration the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made, when they erroneously awarded Arbitration Claimants an amount directly attributable to non-FINRA member, Trust Advisory Group, Ltd.

32. By reason of the foregoing, the court should issue an order vacating the Award entered in FINRA Case No. 21-00816.

### REQUEST FOR ORAL ARGUMENT

33. Petitioners believe that oral argument will assist the Court and hereby requests that the Court set a hearing for oral argument on this Petition

WHEREFORE, Petitioners, William Henry McCance, Susan Marie LeMoine, Trust Advisor Group, Ltd. and AGES Financial Services, Ltd. respectfully request that this Court:

a. Issue an order pursuant to 9 U.S.C. § 10 vacating the Award entered in FINRA Case No. 21-00816; and

b. Award Petitioners such other and further relief as this Court deems just and proper.

Dated: May 1, 2023

Respectfully Submitted,

FREEMAN, MATHIS, & GARY, LLP

By:   /s/ Warren D. Hutchison
Warren D. Hutchison, BBO #246150
Kirsten Patzer, BBO # 668564*
Freeman Mathis & Gary, LLP
60 State Street, Suite 600
Boston, Massachusetts 02109
Telephone: 617.963.5983
warren.hutchison@fmglaw.com
kirsten.patzer@fmglaw.com

* Admission Pending