**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| William Henry McCance,<br>Susan Marie LeMoine,<br>Trust Advisory Group, Ltd.,<br>AGES Financial Services, Ltd<br>(f/k/a Advisory Group Equity Services, Ltd.)<br><br>PETITIONERS<br>v.<br><br>Richard Henri Kreger,<br>Bruce Charles Ryan, and<br>RHK Capital, LLC<br><br>RESPONDENTS. | Civ. A. No. 1:23-cv-10955-JEK |

**REPLY BRIEF IN SUPPORT OF PETITION TO VACATE ARBITRATION AWARD**

William Henry McCance, Susan Marie LeMoine, Trust Advisory Group, Ltd., and AGES Financial Services, Ltd., ("Petitioners") respectfully submit this Reply Brief in Support of Petition to Vacate Arbitration Award.

### I. VENUE IS PROPER

The venue provisions of the Federal Arbitration Act ("FAA") are permissive, permitting a motion to confirm, vacate, or modify an arbitration award either where the award was made, or in any district proper under the general venue statute. *See Cortez Byrd Chips, Inc. v. Bill Harbert Const. Co.*, 529 U.S. 193, 203-204 (2000) ("Attention to practical consequences thus points away from the restrictive reading of §§ 9-11 and confirms the view that the liberalizing effect of the provisions...was meant to endure through treating them as permitting, not limiting, venue choice today.") In a case of first impression in the First Circuit, the U.S. District Court of Rhode Island

1

held that the language of the FAA "does not indicate exclusive and mandatory jurisdiction but instead merely permits jurisdiction and venue in the district where the award was made if there is independent subject matter jurisdiction..." *Delta Dental of Rhode Island v. Dental Service of Massachusetts, Inc.*, 918 F. Supp. 46, 48-49 (D.R.I. 1996). In *Delta Dental* the Court recognized the absurdity of dismissing an action where a district court already had jurisdiction over the parties, as it does here, merely because an arbitration hearing took place in a different locale. The facts of *Delta Dental* are nearly identical as to the ones here, where the parties reside in two separate states (Massachusetts and Connecticut), but the location of the arbitration occurred in a third, neutral location. New York's involvement, like Connecticut's in *Delta Dental*, "is limited to the place of arbitration proceedings" and was simply the forum Respondents chose in filing their arbitration claim. None of the parties reside in New York, their businesses are not registered or domiciled there, and none of the underlying facts and circumstances of the original arbitration claim occurred there.

Furthermore, Respondents' claim that Petitioners should have filed this action in *either* the District of Connecticut or the Southern District of New York (*See Respondents' Opposition to Petitioners' Petition, ECF 10, p. 3)*, belies their argument that the location of the hearing, arbitrators, or FINRA office is indicative of where this matter should have been filed.

II. **SERVICE OF THE NOTICE OF THE PETITION TO VACATE WAS TIMELY**

Section 12 of the FAA provides:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party ***or his attorney*** within three months after the award is filed or delivered.

9 U.S.C. § 12(Emphasis added).

The Arbitration Award in this matter was issued via the FINRA Dispute Resolution Portal on January 30, 2023. On February 28, 2023, undersigned counsel sent Petitioners' counsel the following email:

| | |
|---|---|
| **From:** | Kirsten Patzer |
| **Sent:** | Tuesday, February 28, 2023 5:47 PM |
| **To:** | Slavin, Rick |
| **Cc:** | Herman, Marc J. |
| **Subject:** | RE: Kreger, et al. v. McCance, et al. |

Counsel:

It is my understanding that the funds have been wired. However, before you disperse them to your clients, you should be made aware that we plan to file a petition to vacate the award.

Kirsten

**Kirsten Patzer**
Partner
Freeman Mathis & Gary, LLP
60 State Street | Suite 600 | Boston, MA 02109-1800
D: 617-963-5983 | C: 617-833-3994
kirsten.patzer@fmglaw.com | LinkedIn | Bio
www.fmglaw.com | Instagram | Twitter | Facebook

*See Affidavit of Kirsten Patzer, Exhibit O.*

Neither Mr. Slavin nor Mr. Herman, Respondents' long-standing attorneys, replied to undersigned counsel's notification of her intent to file a petition to vacate the arbitration award on her clients' behalf. Nor did they inform her that they no longer represented Respondents.

On May 1, 2023[1] undersigned counsel served Mssrs. Slavin and Herman with the Petition to Vacate and the accompanying Memorandum of law in support thereof. *See Aff. Of K. Patzer, Exhibit P.*

---

[1] Pursuant to Federal Rule of Civil Procedure Rule 6, the 90-day deadline to file would be May 1, 2023 as April 30, 2023 fell on a Sunday.

3

Even prior to the initiation of the underlying FINRA arbitration, the parties agreed, and were ordered to, "file all documents…electronically." *See Aff. of K Patzer, Exhibit Q.* From the inception of this dispute, the parties consented to and engaged in electronic service for all filings.

In fact, FINRA requires parties to use the Dispute Resolution Portal on a "mandatory basis" which, in turn, triggers an email notification to the parties that a new pleading or document has been filed. *See Aff. of K. Patzer, Exhibit R.*

It was not until several weeks later that Mr. Slavin notified Petitioners' counsel that they were no longer representing Respondents. Upon learning this information Petitioners, despite having already served counsel of record, formally served individual Respondents with the Petition to Vacate.

There is ample case law supporting Petitioners' position that only "notice" is required within the 90-days, and not formal "service": "[T]he cited FAA provision does not explicitly require service of process, but rather 'notice' of the vacatur application." *Santos vs. Gen. Elec. Co.*, S.D.N.Y., No. 10 CIV. 6948 JSR MHD (Sept. 28, 2011); *see also Hamilton v. Navient Sols., LLC*, No. 18 CIV 5432 (PAC), 2019 WL 633066, at *4 (S.D.N.Y. Feb. 14, 2019) (finding that petitioner did not comply with Section 12's "***notice requirement***," as she could have "emailed her application for vacatur to [respondent] or otherwise provided notice on time") (emphasis added); *Lobaito v. Chase Bank*, No. 11 CIV 6883 (PGG), 2012 WL 3104926, at *5 (S.D.N.Y. Jul. 31, 2012), aff'd, 529 F. App'x 100 (2d Cir.2013) (citing to *Santos* and referring to Section 12's "notice requirement").

"[B]y its terms, [9 U.S.C. § 12] requires that a party wishing to vacate an award give notice within three months of the [challenged arbitration award]; it does not require that the motion itself be served within three months of the challenged award." *Glob. Gold Min. LLC v. Caldera Res., Inc.*, 941 F. Supp. 2d 374, 384 (S.D.N.Y. 2013).

4

Respondents now ask this Court to ignore the plain language of § 12 of the FAA. Petitioners complied with the FAA and served Respondents counsel with notice of their intent to file well before the 90-day deadline then effectuated service of the Petition to Vacate on the 90-day deadline. In an abundance of caution, formal paper-service was effectuated, but Respondents were aware of the impending Petition to Vacate less than a month after the award was issued. Thus they face no danger of prejudice or failure of due process.

For all of the reasons set forth herein, the Petition to Vacate should be granted in its entirety.

Dated: February 15, 2024

Respectfully Submitted,

WILLIAM HENRY MCCANCE, SUSAN MARIE LEMOINE, TRUST ADVISORY GROUP, LTD., AND AGES FINANCIAL SERVICES, LTD.

/s/ Kirsten Patzer

Kirsten Patzer, BBO # 668564
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, Massachusetts 02110
Telephone: 617.456.8024
kpatzer@princelobel.com

## CERTIFICATE OF SERVICE

I, Kirsten Patzer, certify that the foregoing filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 15th day of February 2024.

/s/ Kirsten Patzer